Stoddard v. Hill.

---

ASA P. STODDARD *v.* ROBERT G. HILL.

*Evidence.     Contract.*

In assumpsit to recover for services under a special contract, and for damages
to the plaintiff by reason of being discharged from service by the defendant
without cause, the defendant introduced testimony tending to show that he
had good cause for discharging the plaintiff, and that by the original con-
tract of service, the plaintiff agreed to act as overseer for the defendant in
his absence, and keep his men industriously employed; *Held* that it was com-
petent for the defendant to also prove that the plaintiff had violated his
agreement in the latter respect, and had suffered the defendant's men to be
idle.

ASSUMPSIT.    The material points in the case sufficiently appear in the opinion of the court.

*Thomas Gleed* and *George Wilkins*, for the defendant.

*Child & Benton*, for the plaintiff.

PIERPOINT, J.    This is an action of assumpsit brought to recover, among other things, for the services of the plaintiff performed for the defendant, under a special contract, and also for the damage claimed to have been sustained by the plaintiff in consequence of the defendant's discharging him before the term of service had expired.

In answer to the plaintiff's claim, and the proof he had offered to sustain it, the defendant introduced evidence tending to prove that he discharged the plaintiff for good cause, and also that by the " original contract of hiring, the plaintiff agreed to act as foreman for the defendant in his absence, and oversee the other men employed by the defendant, and keep them industriously at work, and take the same interest in the defendant's business as he would if it was his own."

The defendant then *offered* to show that the plaintiff had violated his agreement in this respect, in each and every particular, and had so improperly conducted himself as to be the cause of unfaithfulness in the defendant's other hands, and did induce the other hired men of the defendant to neglect work and waste their time, to the injury of the defendant.    And the defendant claimed damages of the plaintiff for the loss he had sustained on account of the negligence of such other hands.

The court excluded the evidence, on the ground that such damages if sustained, were too remote, and also that they arose from the unfaithfulness of others as well as the plaintiff.

Considering this evidence as admissible, if admissible at all, *only* on the ground that it tends to sustain a claim for distinct and substantive *damages*, arising from the alleged cause, it is very clear that it was inadmissible in this case under the pleadings, even if it was not obnoxious to the objection taken to it by the court below.    The defendant's plea in offset only contains the common counts in assumpsit, under which no recovery can be had

NOVEMBER, 1860. 461

Stoddard *v.* Hill.

for a claim of this character. It is mere damage resulting from the non-performance of a duty, and does not come within the description of any claim that is ever embraced in the common counts of assumpsit.

But viewing the evidence offered in another aspect, and as bearing upon other points in issue, it is equally clear that this evidence should have been admitted. If this evidence was admissible for any purpose, it should have been received, especially as the defendant did not confine his offer to his claim to recover damages. The fact that the party claimed, from the evidence, more than he was entitled to, did not deprive him of the right to have it admitted, and to have the full benefit of its *legitimate* effect upon the points in issue. The case shows that the defendant had introduced evidence tending to show that he discharged the plaintiff for good cause ; still the jury may have decided against him, on the ground that his testimony was not sufficient ; the evidence offered would have been important on this point, and if believed it would have been conclusive as to the plaintiff's claim for damages resulting from his discharge without cause.

Again, if the defendant's testimony was sufficient to satisfy the jury that the plaintiff was properly discharged, then if the plaintiff can recover at all, it must be upon the common counts in his declaration for the value of his services. He cannot recover on the special contract, as that has not been performed, by reason of his own misconduct.

Upon the question as to the value of the plaintiff's services under the common counts, it would be competent for the defendant to show all the facts which he offered to show ; he might prove not only that the plaintiff was lazy and performed no service, but that instead of discharging faithfully the duties of an overseer, which he was employed to do, he induced those over whom he had charge to neglect their duties to the defendant, in consequence of which he sustained damage, and this not for the purpose of recovering damages against the plaintiff, but to show that the services of the plaintiff were of no value to the defendant.

We think the county court erred in excluding the evidence, and for that reason the judgment is reversed and the case remanded.